OPINION
{¶ 1} Appellants-plaintiffs Scott and Shelly Bartimus (husband and wife) appeal from the May 22, 2003, Judgment Entry of the Licking County Court of Common Pleas, Civil Division, which entered judgment in favor of defendants-appellees Larry Pasley, M.D. and Newark Surgical Associates, Inc. pursuant to a jury verdict.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 18, 1999, Shelly Bartimus underwent laparoscopic gall bladder surgery performed by defendant-appellee Larry Pasley, M.D. [hereinafter Dr. Pasley]. During the surgery, Dr. Pasley nicked what he believed was the cystic duct or the gall bladder itself, although he was unable to visualize the location of the nick. Dr. Pasley continued with the laparoscopic surgery. Ordinarily, only the cystic duct is to be cut to remove the gall bladder. However, in this case, Dr. Pasley cut the common bile duct instead of the cystic duct. Dr. Pasley attributed this complication to Mrs. Bartimus having an unusually short cystic duct.
 {¶ 3} Upon recognizing that he had inadvertently cut the common bile duct, Dr. Pasley converted from a laparoscopic procedure to an open surgical procedure. Using a larger incision allowed him to perform a repair. Dr. Pasley elected to treat Mrs. Bartimus by placing a T-tube in the common bile duct to allow for drainage of the bile into the small bowel. Dr. Pasley also placed a drain through the skin to allow for drainage of any bile which escaped the T-tube, so that appellant would not develop peritonitis from bile leaking into her abdominal cavity.
 {¶ 4} Immediately after surgery, Dr. Pasley spoke to Mr. Scott Bartimus to advise him of the surgical complication which had occurred. Mr. Bartimus testified that Dr. Pasley said he "made a mistake" when describing what had occurred during surgery. Mr. Bartimus agreed that Dr. Pasley was very straight forward and honest in describing the complication and made no effort to hide what had happened. Later, Dr. Pasley spoke at length with Mrs. Bartimus about the surgery. Mrs. Bartimus described Dr. Pasley as using the words "error" or "mistake" in telling her what had happened during surgery. Dr. Pasley testified that he told the family members immediately after surgery that there had been a complication. He testified that he tried to explain the situation using non-medical language. Dr. Pasley attempted to reassure the family that although an error had occurred, he had done his best to correct the problem and would follow Mrs. Bartimus for as long as necessary to insure she had a good outcome.
 {¶ 5} Ultimately, Mrs. Bartimus required further treatment as a result of the common bile duct injury. Although testimony showed that sometimes the T-tube alone would ultimately prove successful, Mrs. Bartimus was required to undergo several attempts at dilation of the duct and stint placement which were performed by Dr. Greg Gibbons, a gastroenterologist at Riverside Methodist Hospital in Columbus, Ohio. When these procedures proved unsuccessful, Dr. Pasley referred Mrs. Bartimus to Dr. Christopher Ellison at Ohio State University Hospitals for performance of a Roux-en-Y procedure.
 {¶ 6} On September 5, 2001, plaintiffs — appellants Shelly and Scott Bartimus filed a complaint in the Licking County Court of Common Pleas, Civil Division, against defendants-appellees Larry Pasley, M.D., Newark Surgical Associates, Inc. and Licking Memorial Hospital. In the complaint, appellants raised claims of medical negligence/malpractice, loss of chance and loss of consortium.
 {¶ 7} A jury trial was held on April 7, 8, and 9, 2003. The jury returned a verdict in favor of Dr. Pasley, finding that he was not negligent.[1] On May 22, 2003, the trial court entered a judgment entry which entered judgment for defendants Larry Pasley, M.D. and Newark Surgical Associates, Inc. Thus, it is from the May 22, 2003, Judgment Entry that appellants appeal, raising the following assignments of error:
 {¶ 8} "I. The jury's verdict must be reversed in light of Dr. Pasley's undisputed admission of an "error" (I Tr. 135) and "mistake" (I Tr. 135-36 II Tr. 31 and 51).
 {¶ 9} "II. The jury's verdict must be reversed because it is not supported by any credible evidence.
 I {¶ 10} In the first assignment of error, appellants contend that the jury's verdict must be reversed in light of appellee Dr. Pasley's undisputed admission of an "error" and "mistake." We disagree.
 {¶ 11} Appellants are correct that it was undisputed that Dr. Pasley told appellants Shelly and Scott Bartimus that he made a mistake during Mrs. Bartimus' surgery and that an error was made. However, we disagree with appellants' assertion that such admissions are admissions that Dr. Pasley deviated from the standard of care, thereby establishing negligence.
 {¶ 12} "In order to establish medical malpractice, it must be shown by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things." Bruni v. Tatsumi, 46 Ohio St.2d 127,346 N.E.2d 673, paragraph one of syllabus. In other words, a plaintiff must show that the defendant was negligent.
 {¶ 13} Dr. Pasley does not contest that he made a "mistake or error" but that is not an admission of negligence or medical malpractice. There are many definitions of mistake or error, as cited by appellants. Even among the definitions provided by appellants, some meanings include a sense of negligence and other definitions do not. This court will not reverse the jury's decision solely because the doctor admitted making a "mistake or error." We do not agree with appellants that the verdict was inconsistent with the evidence solely because Dr. Pasley admitted to an error or mistake. The jury was free to consider this evidence and decide if the appellants had met their burden to prove medical malpractice.
 {¶ 14} Appellant's first assignment of error is overruled.
 II {¶ 15} In the second assignment of error, appellants argue that the verdict must be reversed because it is not supported by any competent, credible evidence. See C.E. Morris Co. v. FoleyConstr. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Specifically, appellants contend that the testimony of Dr. Pasley's expert, Dr. Onders, and the testimony of Dr. Pasley himself do not provide such credible evidence. We disagree.
 {¶ 16} A review of Dr. Onders' testimony shows that he repeatedly expressed his opinion that Dr. Pasley did not commit malpractice or deviate from the standard of care. Dr. Onders repeatedly testified that there is always a possibility of injury to the common bile duct, including cutting it as Dr. Pasley did. Dr. Onders, who had quite an extensive set of credentials, testified, in essence, that this type of injury happens without negligence on the part of the surgeon and that Dr. Pasley did exactly what Dr. Onders teaches people to do. Although Dr. Onders' testimony was challenged on cross examination and by the testimony of appellants' expert witness, Dr. Frances Barnes, our standard of review requires this court to determine whether there was competent, credible evidence to support the conclusion reached by the jury as the trier of fact. In this case, we conclude that the testimony of Dr. Onders was such competent, credible testimony. As such, there is no need to review the testimony of Dr. Pasley to determine if it also provides competent, credible evidence to support the jury's decision.
 {¶ 17} Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} The judgment of the Licking County Court of Common Pleas is affirmed.
Edwards, J., Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] On February 12, 2003, prior to trial, the parties stipulated to a voluntary dismissal of the claim against defendant Licking Memorial Hospital. The dismissal was without prejudice.